IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. BROWN, # 279743, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv16-WHA |
| ) | (WO) |
| WILLIE THOMAS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Robert A. Brown ("Brown"). Doc. No. 1.[1]

### I.   BACKGROUND

On June 15, 2011, a jury in Tallapoosa County found Brown guilty of first degree sodomy, in violation of § 13A-6-63(a), Ala. Code 1975, and sexual abuse of a child less than 12 years old, in violation of § 13-6-69.1, Ala. Code 1975. On July 27, 2011, the trial court sentenced Brown to 20 years in prison for the sodomy conviction and 15 years in prison for the sexual-abuse conviction, the terms to run concurrently.

Brown appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit, "*Anders* brief"[2] stating she could find no meritorious issues for

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

[2] *Anders v. California*, 386 U.S. 738 (1967).

review. Resp't's Ex. C. Brown was afforded an opportunity to submit *pro se* issues for appellate review and did so in a brief in which he asserted claims that (1) the trial court erred by completing jury selection in his absence, (2) his trial counsel was ineffective for allowing jury selection to be completed in his absence, and (3) his appellate counsel was ineffective for failing to move for a new trial and preserving his jury selection claim for appeal. Resp't's Ex. D.

On December 9, 2011, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Brown's conviction and sentence. Resp't's Ex. E. Brown did not file for rehearing or certiorari review, and a certificate of judgment was issued on December 30, 2011. Resp't's Ex. A at 2.

On October 14, 2011 – while his direct appeal was pending – a petition for post-conviction relief under Ala.R.Crim.P. 32 was filed on Brown's behalf. Resp't's Ex. G at 4-22. Subsequently, however, Brown maintained that the Rule 32 petition was filed by another inmate, without his permission, and that the petition should not be considered by the trial court. *Id.* at 57-61.

On January 6, 2012, Brown filed a Rule 32 petition asserting these claims:

1. Trial counsel rendered ineffective assistance of counsel by failing to (a) investigate the charges; (b) interview witnesses suggested by Brown or call them to testify or question defense witnesses properly; (c) inform Brown of his trial strategy; (d) prepare Brown to testify and have him testify in a narrative form as opposed to a question-and-answer format; (e) defend Brown diligently after soliciting him as a client and misrepresenting his qualifications; and (f) seek admission of the results of a

       polygraph examination taken by Brown.

2.     Appellate counsel rendered ineffective assistance of counsel by (a) failing to move for a new trial and preserving issues for review and (b) filing a no-merit brief when there were valid claims for appeal.

3.     The trial court erred by granting the State's motion in limine to exclude evidence of the polygraph examination taken by Brown.

4.     The trial court did not have jurisdiction to convict or sentence Brown under the "newly enacted" § 13A-6-69.1, Ala. Code 1975.

Resp'ts Ex. G at 30-54.

On February 6, 2012, the trial court entered an order denying Brown's Rule 32 petition. Resp'ts Ex. G at 73.

Brown appealed to the Alabama Court of Criminal Appeals, reasserting the claims in his Rule 32 petition except for his claim that the trial court erred in granting the State's motion in limine regarding the admission of polygraph evidence. On August 10, 2012, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed the trial court's judgment denying the Rule 32 petition. Resp'ts Ex. K. Regarding Brown's ineffective assistance of counsel claims, the appellate court stated:

    All of Brown's claims of ineffective assistance of counsel were insufficiently pleaded.

    To prevail on a claim of ineffective assistance of counsel, the petitioner must ultimately prove that (1) counsel's performance was deficient and (2) that the deficient performance actually prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984).

3

> Brown's claims that counsel was ineffective fail to sufficiently plead facts supporting the requirements set forth in *Strickland*. Brown's allegations consist of a series of claims that are nothing more than bare allegations, unsupported by any factual basis; accordingly, the claims fail to satisfy either the burden of pleading requirements of Rule 32.3, Ala.R.Crim.P., or the specificity requirements of Rule 32.6(b), Ala.R.Crim.P.

Resp'ts Ex. K at 6. The appellate court then discussed each specific ineffective assistance claim and explained its deficiencies. *Id.* at 6-8. Regarding Brown's claim that the trial court lacked jurisdiction to convict or sentence him under § 13A-6-69.1, Ala. Code 1975, the appellate court reviewed the record from Brown's direct appeal and determined that the claim was without merit. *Id.* at 8-10.

Brown applied for rehearing, which the Alabama Court of Criminal Appeals overruled. Resp'ts Ex. F at 1-2. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on November 9, 2012. Resp'ts Exs. L & Ex. F at 2. A certificate of judgment was entered on the same date. Resp'ts Ex. F at 2.

On December 31, 2012, Brown filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting these claims:

1. Trial counsel rendered ineffective assistance by–

    (a) failing to investigate the relevant facts and evidence in his case;

    (b) failing to interview witnesses suggested by Brown; and

    (c) misrepresenting his qualifications and failing to defend Brown diligently.

    2.       Appellate counsel rendered ineffective assistance by–

          (a)    failing to move for a new trial to preserve issues for review; and

          (b)    filing a no-merit brief and failing to present a single valid claim.

    3.       The trial court lacked jurisdiction to convict or sentence Brown under § 13A-6-69.1, Ala. Code 1975.

Doc. No. 1 at 5-7.

The respondents argue that Brown's claims are procedurally defaulted because he failed to exhaust them properly in the state courts. Doc. No. 6 at 7-11. Even if Brown's claims are not defaulted, the respondents argue that the state courts still properly denied them on the merits. *Id.* at 12-16.

After careful review of the parties' submissions, the record, and the pertinent law, the undersigned finds that Brown is not entitled to habeas relief and that his § 2254 petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A. Procedurally Defaulted Claims

The respondents contend that Brown is procedurally defaulted on the following claims in his § 2254 petition because he did not properly present them to the state courts when he had the opportunity to do so and cannot now return to the state courts to exhaust them:

5

- Trial counsel rendered ineffective assistance by failing to interview witnesses suggested by Brown.

- Appellate counsel rendered ineffective assistance by failing to move for a new trial to preserve issues for review.

- The trial court lacked jurisdiction to convict or sentence Brown under § 13A-6-69.1, Ala. Code 1975.

*See* Doc. No. 6 at 7-8. Specifically, the respondents argue that Brown failed to exhaust these claims because he did not present them in any form to the Alabama Supreme Court in the petition for writ of certiorari that he filed in the appellate proceedings on his Rule 32 petition. Doc. No. 6 at 7. Although Brown raised these claims in his Rule 32 petition and on appeal to the Alabama Court of Criminal Appeals after the Rule 32 petition was denied, a review of the record confirms the respondents' contention that Brown did not present these claims in the petition for writ of certiorari that he filed in the Alabama Supreme Court. *See* Resp'ts Ex. L.

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals." *Pruitt v. Jones*, 348 F.3d 1355,

1359 (11th Cir. 2003). Brown failed to exhaust the three above-referenced claims when he did not present them in the petition for writ of certiorari that he filed in the Alabama Supreme Court in the appellate proceedings on his Rule 32 petition.

Claims not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Here, as the respondents correctly assert, no state remedy remains by which Brown may now present his unexhausted claims, because any attempt to exhaust the claims in state court would be barred by applicable state procedural rules. *See* Doc. No. 6 at 10-11. It is too late for Brown to file another petition for writ of certiorari presenting these claims to the Alabama Supreme Court, and another Rule 32 petition asserting the claims would be barred as both successive and untimely. *See* Ala.R.App.P. 39(c)(2); Ala.R.Crim.P. 32.2(b) & 32.2(d); Ala.R.Crim.P. 32.2(c).[3]

Exceptions for Procedurally Defaulted Claims

This court may reach the merits of a procedurally defaulted claim only in two narrow

---

[3] The respondents correctly argue that Brown's claim that the trial court "lacked jurisdiction" to convict or sentence him under § 13A-6-69.1, Ala. Code 1975, is not actually a jurisdictional claim. Doc. No. 6 at 11. Although couched in jurisdictional terms, the claim in substance challenges the sufficiency of the States's evidence to sustain Brown's conviction for sexual abuse of a child less than 12 in violation of § 13-6-69.1. Under Alabama law, "[a] challenge to the sufficiency of the evidence is not jurisdictional." *McQueen v. State*, 829 So.2d 783, 784 (Ala.Crim.App. 2002). Therefore, Brown would be barred from asserting the claim in a successive, and untimely, Rule 32 petition. *See* Ala.R.Crim.P. 32.2(b); 32.2(c). Moreover, the claim would be procedurally barred, pursuant to Ala.R.Crim.P. 32.2(a)(3) & (5), as one that could have been but was not raised at trial and on appeal.

circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).[4] Brown does not attempt to demonstrate cause for his failure to present his unexhausted claims to the state courts in compliance with applicable procedural rules.[5] Consequently, he may not obtain

---

[4] To establish prejudice in this context, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *see also Murray*, 477 U.S. at 494 (1986).

[5] Brown seems to suggest that this court should excuse his unskilled drafting of the petition for writ of certiorari that he filed in the Alabama Supreme Court in the appellate proceedings on his Rule 32 petition, where he failed to present the unexhausted claims noted above. *See* Doc. No. 13 at 4-5. Generally, "a petitioner cannot rely on the ineffective assistance of post-conviction counsel to establish cause to excuse a procedural default because there is no constitutional right to an attorney in state post-conviction proceedings." *Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). In *Martinez v. Ryan*, __ U.S. __
(continued...)

review of his defaulted claims on this basis.

Brown does, however, assert his "actual innocence" as a basis for overcoming his procedural default. Doc. No. 13 at 5-6. In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court held that prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A petitioner must show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614,

---

[5](...continued)
___, 132 S. Ct. 1309 (2012), however, the United States Supreme Court recognized a narrow exception to this rule regarding claims of ineffective assistance of trial counsel. The Court held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez*, 132 S. Ct. at 1320. The Court in *Martinez* was careful to limit its ruling to ineffective-assistance-of-trial-counsel claims only. *See* 132 S. Ct. at 1319-20. The ruling does not provide a gateway to federal habeas review of attorney errors in other proceedings. "It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id*. at 1320. *Martinez* does not apply to Brown's procedurally defaulted claims, because his default occurred when he failed to present these claims in the petition for writ of certiorari that he filed in the Alabama Supreme Court *in the appellate proceedings* on his Rule 32 petition, which was not the initial-review collateral proceeding. The Rule 32 petition itself was the initial-review collateral proceeding. The claims Brown later defaulted were presented in the Rule 32 petition; thus, the default did not occur *at the Rule 32 court level*, as required under *Martinez*. Further, because *Martinez* is limited to claims of ineffective assistance of trial counsel, its holding would not extend to Brown's claim of ineffective assistance of appellate counsel or to his claim alleging that the trial court lacked jurisdiction to convict or sentence him under § 13A-6-69.1, Ala. Code 1975.

623-24 (1998).

As the Supreme Court in *Schlup* observed:

[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

In claiming his actual innocence, Brown points to "new reliable evidence" of innocence not presented at trial. Instead, he merely asserts that he is innocent. His mere assertion of actual innocence does not satisfy the standard of *Schlup* or provide a gateway for review of his procedurally defaulted claims. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review.

**B.     Claims Adjudicated on Merits**

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204, at *7 (N.D. Ala. Sep. 21, 2010). To prevail on a § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the

evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2); *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000).

A state court's decision is "contrary to" federal law either if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 404-06; *Bell v. Cone*, 535 U.S. 685, 694 (2002). A state court's decision is an "unreasonable application" of federal law if it either correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Williams*, 529 U.S. at 407. "Objectively unreasonable" means something more than an "erroneous" or "incorrect" application of clearly established law, and a reviewing federal court may not substitute its judgment for the state court's even if the federal court, in its own independent judgment, disagrees with the state court's decision. *See Williams*, 529 U.S. at 411; *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). The reviewing court "must determine what arguments or theories supported or ... could have supported[ ] the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Harrington v. Richter*, 562 U.S. 86, __, 131 S.Ct. 770, 786 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be

11

given the benefit of the doubt.'" *Cullen v. Pinholster*, __ U.S. __, __, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted).

Federal courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (internal quotation marks omitted). The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

Here, where the state court ruled on the merits of Brown's ineffective assistance of counsel claims, this court's § 2254 review under *Strickland* is another step removed from the original analysis – or, as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, __ U.S. __, __, 134 S.Ct. 10, 13 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.*, 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 1. Trial Counsel's Failure to Investigate Relevant Facts and Evidence

Brown claims that his trial counsel rendered ineffective assistance by failing to "investigate the relevant facts and evidence in [his] case." Doc. No. 1 at 5.

Brown presented this claim in his Rule 32 petition and on appeal from the denial of his Rule 32 petition.[6] After noting that all of Brown's claims of ineffective assistance of counsel were insufficiently pleaded, the Alabama Court of Criminal Appeals found that

---

[6] The court finds that Brown exhausted this ineffective assistance claim and the two ineffective assistance claims discussed below by presenting them to the Alabama Supreme Court in the petition for writ of certiorari that he filed in the appellate proceedings on his Rule 32 petition. *See* Resp'ts Ex. L.

Brown failed to specify what facts further investigation by trial counsel would have uncovered and failed to demonstrate prejudice. Resp'ts Ex. K at 6. A review of Brown's Rule 32 petition supports the state court's findings. Brown's failure to investigate claim is conclusory in both his Rule 32 petition and his habeas petition. Resp'ts Ex. G at 39, 43-44; Doc. No. 1 at 5. The state court ruling denying Brown relief on this claim was a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2). Brown is not entitled to habeas relief based on the claim.

### 2. *Trial Counsel's Misrepresentation of Qualifications and Failure to Defend Brown Diligently*

Brown claims that his trial counsel rendered ineffective assistance by misrepresenting his qualifications and failing to defend Brown diligently. Doc. No. 1 at 5.

Regarding this claim, the Alabama Court of Criminal Appeals found that Brown's allegations were merely general complaints that assumed a different trial counsel would have won a not-guilty verdict and failed to specify what actions of counsel were incompetent. Resp'ts Ex. K at 6. A review of Brown's Rule 32 petition reveals that Brown did not indicate how his trial counsel misrepresented his qualifications or failed to represent him diligently; instead, Brown merely points to the fact of his conviction as "evidence" that counsel was not qualified. Resp'ts Ex. G at 41. The state court decision rejecting Brown's claim was a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law. 28

U.S.C. § 2254(d)(1) & (2). Therefore, Brown is not entitled to habeas relief based on the claim

### 3. *Appellate Counsel's Filing of No-merit Brief on Appeal*

Finally, Brown claims that his appellate counsel rendered ineffective assistance by filing a no-merit brief and failing to present a single valid claim for review. Doc. No. 1 at 5.

Regarding this claim, the Alabama Court of Criminal Appeals found that Brown failed to identify which appellate issues should have been raised by his counsel on appeal and failed to set forth facts to support his assertion that the actions of appellate counsel were unreasonable. Resp'ts Ex. K at 7. Brown's Rule 32 petition did not specify any meritorious issues that counsel should have but did not pursue on appeal. *See* Resp'ts Ex. G at 45-46. Once again, the state court ruling denying Brown relief was a reasonable determination of the facts in light of the evidence presented and was neither contrary to, nor an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) & (2). Consequently, Brown is not entitled to habeas relief based on the claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before October 6, 2015. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 22nd day of September, 2015.

                                      /s/ Susan Russ Walker
                                      SUSAN RUSS WALKER
                                      CHIEF UNITED STATES MAGISTRATE JUDGE