IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. BROWN, #279743, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:13-cv-016-WHA |
| | ) | |
| WILLIE THOMAS, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #15) and a document styled "Rule 60(b) Motion for Relief from Judgment" (Doc. #18), which the court interprets to be an objection to the Recommendation.

The court has conducted an independent evaluation and *de novo* review of the file in this case and, after having done so, finds the objection to be without merit.

The Recommendation found that three of Brown's claims are procedurally defaulted because they were not exhausted in the state courts and he can no longer return to state court to exhaust them. And, that Brown does not establish cause and prejudice or his actual innocence to overcome his default.

The Recommendation found that Brown's remaining three claims were correctly decided on the merits by the state courts.

In his objections, Brown refers to a Rule 32 petition filed in his name while his direct appeal was pending. As noted in the Recommendation, "subsequently, however, Brown maintained that the Rule 32 petition was filed by another inmate, without his permission, and

that the petition should not be considered by the trial court." The trial court did not rule on the improperly filed Rule 32 petition.

Later, as noted in the Recommendation, Brown did file his own Rule 32 petition, and that petition was considered by the trial court. The trial court denied the Rule 32 petition. The State did not plead any grounds of preclusion in answering the Rule 32, and the trial court did not find any of Brown's claims to be precluded. Instead, the trial court denied the claims on the merits. The Alabama Court of Criminal Appeals addressed the merits of all claims Brown raised in the appeal from the denial of the Rule 32.

In his objections to the Magistrate Judge's Recommendation, Brown focuses almost entirely on the alleged prejudicial effect stemming from the initial Rule 32 petition that was improperly filed by a fellow inmate. However, as noted, the trial court did not consider the improperly filed Rule 32 petition, and the subsequent, properly filed Rule 32 petition was considered on the merits; therefore, Brown was in no way prejudiced by the improperly filed Rule 32 petition. Furthermore, the three habeas claims that the Magistrate Judge found to be procedurally defaulted resulted from Brown's own actions in failing to present them to the Ala. Supreme Court in a cert petition in the proceedings related to his Rule 32 petition. His default could not conceivably have resulted from the improperly filed Rule 32 petition that was never considered by the state courts. Also, as noted by the Alabama Court of Criminal Appeals, Brown did not present any claim from the improper Rule 32 petition in his appeal from the denial of his proper Rule 32 petition.

Brown also cursorily complains that he wasn't afforded a chance to reply to the state's answer to his properly filed Rule 32 petition. This was not a claim he asserted in his habeas

petition filed in this court. Nor was it a claim he presented in the appeal from the denial of his Rule 32 petition.

Therefore, it is hereby ORDERED as follows:

1. Petitioner's objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. This petition for writ of habeas corpus is DENIED, and this case is DISMISSED with prejudice.

DONE this 9th day of November, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE